THE STATE v. PADDY CUMMINGS, Appellant.

Division Two, November 19, 1907.

1. VOTER: Unlawful Registration: Information. An information charging defendant with unlawfully registering as a voter under a name not his own is set out in the statement, and is *held* to substantially charge the offense denounced by the statute.

2. INSTRUCTION: Feloniously. An instruction which fails to require the jury to find that the felonious act was "feloniously" done is not erroneous.

3. VOTER: Registration: Oath. The requirement of the statute requiring the election judges to administer an oath to the applicant for registration as a voter, is one directed exclusively to the registration officers, and a precautionary measure which they may resort to for preventing imposition. But a failure to administer an oath to a person who is entitled to register would not invalidate his registration.

4. ———: Fraudulent Registration: No Oath. If defendant fraudulently procured the registration of himself as a legal voter under a name not his own, it is no defense that no oath was administered to him prior to his registration.

5. ———: ———: Fictitious Name. A person who knowingly and fraudulently procures himself to be registered as a legal voter under a name not his own, is guilty of a felony, whether an oath is at the time administered to him or not.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

AFFIRMED.

*Henry M. Walsh* for appellant.

(1)   The information was evidently intended to be brought under the Act of 1903, section 2120j, and if this is the section which it was intended should be pleaded, the information does not follow the statute, and the instruction fails to charge that the jury must find that the alleged registration was done feloniously, as well as willfully, knowingly, falsely and fraudulently.   (2) The statute requires that one of the judges shall administer an oath to each person who shall present himself for registration, and this is the first act, and a judge and a judge alone is the person who must qualify every applicant for registration; no clerk nor other election official has any authority to qualify any person for registration; this same act then further requires that unless a majority of the judges determine that the applicant is a qualified voter, he shall be entered as not qualified, subject to the applicant's right of appeal as herein provided; the clerks are not authorized to do anything to determine the right of any application for registration.   (3)   The charge in this information, if it charges anything, is that defendant was guilty of feloniously and fraudulently registering in a name other than his own; it was just as essential for him to take the oath as it would have been for a witness to take an oath before taking the witness stand, and

the refusal to take the oath shows that there was an absolute lack of intention on his part to commit any felony.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1) The information, which was accompanied by the affidavit of the circuit attorney, is sufficient in form and substance; it follows the language of the statute, and fully informs the defendant of the offense charged. Laws 1903, pp. 171, 172, 173, 174, 175 and 176. (2) Instruction 2 properly told the jury that it was not necessary for the State to prove that defendant was sworn by the judges, clerks and officers of registration. The criminal act with which defendant was charged, and of which he was convicted, was complete when he appeared before the registration officers, gave a fictitious name, stated that he lived within that election precinct, asked that he be registered as a qualified voter, had the officers to enter his name and residence on the registration books, and signed a fictitious name in the column for qualified voters. The crime denounced by our statute is that of fraudulent registration, and the crime was complete when defendant, by false and fraudulent representations, procured his name to be entered upon the registration lists. If defendant had made oath to the correctness of the facts therein stated, he would have been guilty of the additional crime of perjury, with which he was not charged, and of which he was not convicted.

FOX, P. J.—This cause is here by appeal on the part of the defendant from a conviction in the circuit court of the city of St. Louis of the offense of fraudulently registering under a name other than his own. The information (which was duly verified), omitting formal parts, upon which this prosecution is based, is as follows:

"Comes now Arthur N. Sager, circuit attorney, within and for the city of St. Louis (said city comprising the Eighth Judicial Circuit of the State of Missouri) and now here in court on behalf of the State of Missouri, and on his official oath, information makes, that on the twenty-first day of September, in the year of our Lord one thousand nine hundred and four, there was held in the said city of St. Louis, and in each ward and precinct of said city, a general registration of electors and voters under and pursuant to the laws of the State of Missouri (the said city of St. Louis being then and there a city having more than three hundred thousand inhabitants); and that Paddy Cummings, late of the city of St. Louis, on the said twenty-first day of September, one thousand nine hundred and four, at the said city of St. Louis and in the ninth election precinct of the sixteenth ward of said city of St. Louis, at the place of registration of said ninth election precinct of said sixteenth ward of said city of St. Louis, at No. 1829½ Biddle street, and before the judges, clerks and officers of registration of said ninth election precinct of the sixteenth ward of said city of St. Louis, unlawfully, feloniously, wilfully, knowingly, falsely and fraudulently did then and there register under a name not his own, to-wit, under the name of John F. Gray, and then and there unlawfully, feloniously, knowingly, falsely and fraudulently pretended and represented to said judges, clerks and officers of registration of said ninth election precinct of the sixteenth ward of said city of St. Louis, that his name was John F. Gray and that he was one John F. Gray, and that he was entitled to register and be registered on the books of registration and registers of said election precinct as a qualified voter and elector of said election precinct under said name of John F. Gray, and requested and required that said judges, clerks and

officers of registration of said election precinct enter, write and register the name of him, the said Paddy Cummings, on said registers, poll-books and books of registration of said election precinct as John F. Gray, and as a resident and a qualified voter and elector of said election precinct, entitled to register and vote in said election precinct as John F. Gray, he the said Paddy Cummings then and there well knowing that his name was not John F. Gray; and the said judges, clerks and officers of registration of said ninth election precinct of the sixteenth ward of said city of St. Louis, then and there did enter and write upon the registers, and books of registration of said election precinct the said name of John F. Gray as and for the name of him, the said Paddy Cummings, as a resident and qualified voter and elector of said election precinct, entitled to then and there register and vote in said election precinct, and he, the said Paddy Cummings, then and there unlawfully, feloniously, willfully, knowingly, falsely and fraudulently did sign said registers, poll-books and books of registration of said election precinct in the margin on said books provided for the signatures of registered electors and voters, under the same name John F. Gray by writing on said books the words and name 'J. Gray.'

"And so the said Paddy Cummings at the said city of St. Louis, on the said twenty-first day of September, one thousand nine hundred and four, in the manner and form and by the means aforesaid, unlawfully, feloniously, wilfully, knowingly, falsely and fraudulently did register under a name not his own; contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

The evidence on the part of the State tended substantially to prove that on the 19th, 20th and 21st days of September, 1904, there was a general registration of voters in the city of St. Louis, and that on said

days the duly appointed judges and clerks of such registration proceeded in the discharge of their duties. The defendant appeared before the judges and clerks of registration of the 9th election precinct of the 16th ward, and represented to them that his name was John F. Gray, and that he was entitled to register, as he lived at No. 1504 Biddle street, which was within said election precinct in said city. Accordingly, the defendant's name was entered on the registration books as John F. Gray, his residence was also entered, his nationality, and his color. The defendant, at the proper place on said books, signed his name "J. Gray." The defendant was then intoxicated, and one of the judges suggested that he had not been sworn, another judge suggested that he had already been sworn, whereupon one of the judges told him to hold up his hand and be sworn. The defendant then began using loud, profane and indecent language and tried to assault the judge, and was ejected from the registration precinct. The defendant was afterwards arrested and admitted that his name was Paddy Cummings, and that he lived at No. 1504 Biddle street.

The defendant did not introduce any testimony in this cause, but at the close of the State's case requested an instruction in the nature of a demurrer to the testimony, directing the jury under the information and evidence introduced to acquit the defendant. This request was denied and the court instructed the jury as follows:

"1.    Under the statutes of this State any one who registers under a name not his own, or in or under the name of any other person, or in or under any assumed or fictitious name, is guilty of a felony.

"The defendant in this case stands charged with having registered under a name not his own. The information in this case was filed in this court on the 26th day of October, 1905. The defendant pleads not

guilty, and the court gives you the following instruc-
tions to guide you in reaching a verdict as to the guilt
or innocence of the defendant.

"If you find and believe from the evidence in the
cause that on the 21st day of September, 1904, a gen-
eral registration of electors and voters was held in
the city of St. Louis, and in every election precinct
of said city, by the duly appointed and acting judges,
clerks and officers of election and registration; that the
9th precinct of the 16th ward mentioned in the evi-
dence was then and there one of the election precincts
of said city of St. Louis; and if you further find that
on said 21st day of September, 1904, and while said
registration of electors and voters was in progress and
being held (if you find that said registration was so
held as aforesaid) the defendant did appear at the place
of registration in said 9th election precinct of the
16th ward before the duly appointed and acting judges,
clerks and officers of registration of said election pre-
cinct, and willfully, knowingly, fraudulently and falsely
stated to said judges, clerks and officers of registration
for said election precinct that his name was John F.
Gray, and that he was a resident of said precinct,
and had the right to register and vote in said pre-
cinct, and wilfully, knowingly, fraudulently and falsely
requested said judges, clerks and officers of registra-
tion of said election precinct to register him, the said
defendant, as an elector and voter; and if you further
find that said judges, clerks and officers of registra-
tion did then and there enter the name of John F.
Gray as the name of defendant upon the official reg-
isters and books of registration of said election pre-
cinct as a registered elector and voter of said precinct,
and that said defendant then and there wilfully, know-
ingly, fraudulently and falsely signed the said official
registers and books of registration by writing thereon
the name 'J. Gray,' as and for his own name; and

if you further find the fact to be that the true name of defendant was not John F. Gray, but Paddy Cummings, and that defendant at the time he did the acts set out in these instructions (if you find that he did the acts as set out in these instructions) knew that his name was not John F. Gray, but Paddy Cummings, then you will find the defendant guilty, and assess his punishment at imprisonment in the penitentiary for a term of not less than two nor more than five years; and unless you find the facts to be as set out in these instructions you will acquit the defendant.

"2. If you find the facts in this case to be as set out in instruction number 1, then it is not necessary for the State to show that the defendant was sworn by the judges, clerks and officers of registration.

"3. The court instructs the jury that in making up their verdict they will entirely disregard all testimony with reference to the defendant being drunk, and that drunkenness cannot be pleaded in excuse, mitigation or defense of any crime.

"4. You are further instructed that the information contains the formal statement of the charge, but is not to be taken as any evidence of defendant's guilt.

"The law presumes the defendant to be innocent, and this presumption continues until it has been overcome by evidence which establishes his guilt to your satisfaction and beyond a reasonable doubt; and the burden of proving his guilt rests with the State.

"If, however, this presumption has been overcome by the evidence, and the guilt of the defendant established to a moral certainty and beyond a reasonable doubt, your duty is to convict.

"If, upon consideration of all the evidence, you have a reasonable doubt of the defendant's guilt, you should acquit; but a doubt to authorize an acquittal on that ground, ought to be a substantial doubt touch-

ing the defendant's guilt and not a mere possibility of his innocence.

"You are further instructed that you are the sole judges of the credibility of the witnesses and of the weight to be given to their testimony. In determining such credibility and weight you will take into consideration the character of the witness, his manner on the stand, his interest, if any, in the result of the trial, his relation to or feelings towards the defendant or prosecution, the probability or improbability of his statements, as well as all the facts and circumstances given in evidence. In this connection you are further instructed that if you believe that any witness has knowingly sworn falsely to any material fact, you are at liberty to reject all or any portion of such witness's testimony."

After giving the instructions as before indicated, the record discloses the following occurrence:

"MR. WALSH: I want to object to instructions 2 and 3, and ask that an instruction contrary to number 2 be given for the defendant; that is, that one of the requisites of registration is the administering of an oath.

"THE COURT: Well, you better put it in writing and the court will refuse it, because the court, having given one to the jury that it is not necessary to be sworn in order to fraudulently register, would refuse the other without any question. But in order that you may save the point properly, you may draw the instruction and I will refuse it."

Thereupon the defendant offered the following instructions:

"The court instructs the jury that if, from the evidence, they find that the defendant, Paddy Cummings, did not qualify as a voter, and that he refused to qualify as a voter, then they must acquit the defendant.

"The court instructs the jury that under the evidence they must acquit the defendant."

Which said instructions the court refused to give. To which action and refusal of the court to give said instructions the defendant then and there duly excepted. The defendant also then and there duly excepted to each and all of the instructions given by the court as to the law and the evidence. The court gave the following additional instruction:

"5. The argument of counsel is for the purpose of aiding you to reach a proper verdict in the cause by refreshing in your minds the evidence which has been given to you in this cause, and by showing the application of the law thereto; but whatever counsel may say, you will bear in mind that it is your duty to be governed in your deliberations by the evidence as you understand it and remember it to be, and by the law as given by the court in these instructions, and render such verdict as in your conscience and reason and candid judgment seems to be just and proper."

To the giving of which said instructions the defendant then and there duly excepted. The cause being submitted to the jury they returned a verdict finding the defendant guilty as charged in the information and assessed his punishment at imprisonment in the penitentiary for two years. A timely motion for new trial was filed and by the court overruled. Judgment and sentence was entered of record in conformity to the verdict and from that judgment the defendant in due time and proper form prosecuted his appeal to this court and the record is now before us for consideration.

## OPINION.

Numerous complaints are urged by learned counsel for appellant as grounds for the reversal of this judgment. We will give the assignments of error such

attention as they merit and reasonably require. The section of the statute, section 2120j, Laws 1903, p. 158, provides that, "any person . . . who shall register or attempt or offer to register under any name not his own, or who shall falsely register, or offer or attempt to register under the name of any other person, or in or under any assumed or fictitious name, or in or under any name not his own . . . shall be adjudged guilty of a. felony, and shall be punished by imprisonment in the penitentiary for not less than two years or more than five years."

## I.

It is insisted by appellant that the information is insufficient to support the judgment in this cause. We have the brief of learned counsel now before us and it does not undertake to point out in what particulars its insufficiency consists, and our attention is directed to no authorities in support of this insistence. We have reproduced the information upon which this prosecution is predicated and it is sufficient to say that in our opinion it substantially charges the offense defined by the statute.

## II.

It is next contended by appellant that instruction numbered 1 is erroneous for the reason that it failed to require the jury to find that the acts of the defendant were done feloniously as well as unlawfully, knowingly and fraudulently. Upon this contention it will suffice to say that this court has repeatedly held that instructions need not necessarily be as broad as the charge in the information or indictment, and it was not essential in the instructions of the court to use the term feloniously. If the acts of the defendant as complained of in the information, were wilfully, knowingly, falsely and fraudulently done, the statute classifies the commission of such acts as a felony, and while

it is essential in charging the offense in an information or indictment, in order to classify the offense, to charge that it was feloniously done, it is by no means essential that the term feloniously should be used in the directions of the court to the jury. [State v. Rowland, 174 Mo. 373; State v. Woodward, 131 Mo. 369; State v. Barton, 142 Mo. 450; State v. Miller, 159 Mo. 113.]

### III.

This leads us to the most earnest insistence of appellant, that the court erred in giving instruction number 2, which substantially told the jury that it was not essential, in order to warrant a conviction of the defendant, for the State to show that the defendant was sworn by the judges, clerks and officers of registration. Error is also assigned upon the refusal of an instruction requested by the appellant which declared the law just the reverse of the declaration in number 2, that is, that it was essential that the appellant should have been sworn by one of the judges, and unless he was so sworn the jury should acquit him. Our attention is not directed, either by counsel for the State or the appellant, to any authorities upon this proposition, and an independent investigation has failed to disclose any authorities adjudicating that question; therefore, the proposition must be treated as one of first impression.

The requirement of the statute to administer an oath to the applicant for registration is one directed exclusively to the registration officers, and it is simply a precautionary measure which the registration officers have a right to resort to in order to prevent being imposed upon by applicants for registration, but the failure to administer an oath to a person who is entitled to be registered, would by no means invalidate the registration, and if the defendant in this case fraudulently procured a registration of himself under a name

not his own, it is clear that it is no defense that one of the judges did not administer to him an oath prior to such registration. His offense was complete when by false and fraudulent representations he procured his name to be entered upon the registration list, and if he had made a false affidavit, or had sworn falsely before one of the judges he would simply have been guilty of the additional crime of making a false affidavit, or the commission of the offense of perjury. The facts developed at the trial show that there were certain days set apart in the election precincts for the registration of voters; that the defendant appeared before the registration officers; gave a fictitious name; stated that he lived within the election precinct; requested that he be registered as a qualified voter; had the officers enter his name and residence upon the registration books, and signed a fictitious name in the column for qualified voters. Upon the proof of such state of facts his offense was complete, and it is not for him to plead, as a defense for the commission of such acts, that any of the registration officers failed to discharge their duty in respect to administering an oath to the applicant for registration.

There was no error in the declaration of law complained of that it was not one of the essential elements of the offense charged in this cause that the defendant should have been sworn, and there was also no error in the court refusing to declare the reverse of that proposition, that it was essential to make such proof.

The evidence developed at the trial of this cause fully supports the verdict of the jury. It substantially appears that he knowingly and fraudulently procured himself to be registered under a name not his own, and the verdict of the jury was simply responsive to that showing. We have carefully examined and considered the disclosures of the record in this proceeding and

finding no reversible error the judgment of the trial court should be affirmed, and it is so ordered.

All concur.