THE STATE v. WILLIAM TIERNAN, Appellant.

Division Two, November 23, 1909.

1. **ELECTION FRAUDS: Registration: Proof.**  Any witness who knows the fact is competent to testify that there was a general registration of voters in the city on the dates charged, and no one is better qualified to prove that fact than the secretary of the board of election commissioners under whose supervision the registration was made.

2. ———: **Evidence: Minutely Specific.**  Where the witness stated there was a registration of voters on certain days in all the election precincts in the city, and his attention was then called to the precincts by number, there is no failure to show that the offense was committed in the eighth election precinct, solely because in answering to the numbers the witness did not repeat the word "election" after eighth.

3. ————: **Failure to Indorse Names of Witnesses: Not Pre-
served for Review.** The point that the names of the State's
witnesses were not indorsed on the indictment, and that the in-
dictment was found without any evidence before the grand jury,
will be unavailing on appeal unless raised by a timely motion
to quash or preserved in the motion for new trial or in arrest.

4. ————: **Taking Defendant to Prosecutor's Office.** Unless it is
assigned in the motion for a new trial, as a ground therefor,
that the defendant when arrested was taken to the office of the
circuit attorney for the purpose of getting him to make a state-
ment, the assignment cannot be considered on appeal.

Appeal from St. Louis City Circuit Court.—*Hon.
Geo. H. Shields,* Judge.

AFFIRMED.

*C. Orrick Bishop* for appellant.

(1)   The court erred in admitting the testimony
of Mr. Elspermann, that there was a general registra-
tion of voters in the city of St. Louis in September,
1908, when it did not appear that he had any personal
knowledge of the fact, and there was no evidence of
any official action or notice on the part of the Board
of Election Commissioners nor that any such registra-
tion was held in pursuance of any law.   (2)  There was
no evidence that the alleged acts of the appellant were
committed in any election precinct; the testimony all
related to the eighth precinct, and it seems to have
been merely assumed, and taken for granted, that it
was an election precinct.   It was necessary and essen-
tial to aver in the indictment that it was an election
precinct, as held in State v. Keating, 202 Mo. 197.
And it was therefore necessary and essential to prove
that it was an election precinct; and it was not suf-
ficient merely to show that the alleged fraudulent regis-
tration occurred in a polling place, or in a place where
the registration officials were gathered and where the
books were kept and signed.   (3)  The State relied
for a conviction on the testimony of the officers of reg-

istration who were brought before the court to testify and upon whose testimony (presumably) the conviction was obtained; yet it appears from the testimony and from the official admission of the circuit attorney that none of them were witnesses before the grand jury before the indictment was found and returned, and that the indictment was so found and returned without any evidence tending to show the appellant guilty of the offense charged against him: a very novel proceeding and hardly in consonance with conventional ideas of justice and law. Nor were the names of any of the officers of registration indorsed upon the indictment so as to advise the accused as to who were to be witnesses against him, as he had the right to know. The fact that the indictment was found without the testimony of any material witness against defendant was not developed until during the trial. 4. It appeared on the trial of this case, as in the cases of Clancy, Thavanot and Exnicious, now before this court at this term on appeal, that immediately after the arrest of the appellant, he was taken by the officers to the office of the circuit attorney, "to question him before an information was put against him," "to get him to make a statement;" that is, to get him to incriminate himself; a very unusual and a very high-handed proceeding, and this under the direction of the prosecuting officer of the State. And the circuit attorney was permitted, over the objection of appellant, to say, in his argument to the jury (the Court simply saying, "confine yourself to the testimony"): "Now I can not believe, and do not believe now, that this man sitting here is the mover in this matter. He has committed this crime, but there must be somebody back of him. He was brought to my office, as the evidence showed. He had the right and the privilege of telling who put him up to it. But, no; he stands here defiantly and sullenly says, I will not tell it!" While this, perhaps, is not a matter for review here, upon technical

grounds, we seriously urge that the appellant was prejudiced in his rights; that his rights as an accused were ruthlessly trampled upon; and that the action of the prosecuting officer (1) in causing the appellant to be brought first before him as an examining officer and (2) in urging upon the jury a duty to convict appellant for refusing to answer questions and for also refusing to exercise his privilege of telling who put him up to it, was a gross violation of law and of the rights of the accused; and to permit it to pass without at least strong condemnation will be to establish a dangerous precedent and to relegate criminal trials to a condition existing before constitutions were adopted.

*Elliott W. Major,* Attorney-General, and *James T. Blair,* Assistant Attorney-General, for the State.

(1)   There was substantial evidence of defendant's guilt.  Defendant did not offer any countervailing evidence.  He did not testify.  The jury believed the evidence offered by the State.  Under such circumstances this court does not disturb verdicts. State v. Rollins, 186 Mo. 505; State v. Miller, 188 Mo. 379; State v. Smith, 190 Mo. 723.  (2)  (a)  The only exception saved during the argument was to the court's directing the circuit attorney, on objection made by defendant's counsel, to "confine himself to the record." No complaint was made that a more severe rebuke should have been administered. On this condition of the record no point was saved, in this connection, for review.  State v. Murphy, 201 Mo. 696; State v. Baker, 209 Mo. 451.  (b)  No complaint as to erroneous rulings on objections made during the argument of counsel can be considered here since the motion for new trial does not complain of matters of that character.   State v. Miles, 199 Mo. 547; State v. Clapper, 203 Mo. 553; Railroad v. Real Est. Co., 204 Mo. 578.

GANTT, P. J.—On the 21st day of September, 1908, the grand jury of the city of St. Louis returned an indictment, charging defendant, William Tiernan, with fraudulently registering under a name not his own in the Eighth election precinct of the Fifteenth ward of the city of St. Louis.

Defendant was arraigned and pleaded not guilty. A jury was impaneled and sworn to try the issue thus made. Their deliberations resulted in a verdict of guilty and the infliction upon defendant of a penalty of three years' imprisonment in the penitentiary. Motions for new trial and in arrest of judgment were duly filed and overruled, judgment was entered upon the verdict and defendant appealed. In due time defendant filed his bill of exceptions.

The State's evidence tended to show that a general registration of voters was held in the city of St. Louis on the 14th, 15th, 16th and 17th of September, 1908; that the registration booth for the Eighth precinct of the Fifteenth ward in said city was at 819 North Twenty-first Street; the registration judges in the precinct named were John J. Hickey, August O. Huesser, Fred Reitz and Joseph Byrne, and the clerks were Louis Hoffman and John Gallager, all duly commissioned except Byrne, who was sworn in to fill a vacancy. The judges were furnished with cards containing a form of oath to be administered to those applying for registration, and also furnished with a list of questions as to their qualifications, to be answered by such applicants.

On one of the two days mentioned, while the registration was in progress, defendant presented himself before the judges and clerks of registration of the Eighth precinct of the Fifteenth ward of the city of St. Louis at 819 North Twenty-first Street, as charged. The prescribed oath was administered to him and the formal questions propounded as to his qualifications to vote at that place. His answers were such as, if

true, to show him to be a qualified voter of said precinct and ward. Defendant stated, in answer to the questions of the judges, that his name was "Frank Clay." He then signed the name "Frank Clay" upon the registration books. He was arrested on the spot. Being asked his name by the arresting officer, defendant answered that it was "Frank Clay." He was taken to headquarters, there gave his name as "William Tiernan," and stated that he lived at 723 North Twenty-first Street. It was shown that no such number in fact existed, and the occupant of the house at number 721 had never seen defendant before the trial. Defendant was identified as William Tiernan.

Defendant offered no evidence, but asked the court to direct an acquittal. The request was refused. The court instructed the jury as to the law in the case, including the presumption of innocence, reasonable doubt, the credibility of the witnesses, argument of counsel, etc. To all these instructions defendant, by his counsel, saved his exceptions. He also saved certain exceptions to portions of the argument of the circuit attorney.

I. The indictment is not assailed. It is identical in its charging parts with the information approved by this court in State v. Cummings, 206 Mo. 613, 616, and correctly charges an offense under section 2120j of the Act of March 24, 1903, Laws 1903, p. 158.

No error is suggested in the record proper, and we have been unable to discover any. The arraignment of defendant, the impaneling of the jury, the return of the verdict and the sentence were all in the usual and regular form.

II. The defendant has assigned various errors and they will be noted in their order.

John Ellsperman, Jr., testified he was Secretary of the Board of Election Commissioners of the city of St. Louis, and identified the records of his office offer-

ed in evidence of the registration lists made on September 14th, 15th, 16th, and 17th, 1908, of persons residing in the Eighth precinct of the Fifteenth ward of the city of St. Louis. He also identified the ward lines or boundaries of the Eighth precinct of the Fifteenth ward. He was then asked if there was a general registration of voters in said city in all election precincts on the said date, to which defendant objected as calling for incompetent testimony and not the best way to prove it. The objection was overruled and properly so. Any witness who knew the facts could have testified there was a general registration on those days and no one naturally was better able to testify to that fact than the secretary of the board under whose supervision the registration was made.

III. There is no merit in the insistence that there was a failure to show that the offense was committed in the Eighth *election* precinct. The witness had stated there was a registration on said days in all the *election* precincts of the city and his attention was then called to the precincts by number. It was wholly unneccessary to repeat the word "election," every time he mentioned the precinct.

IV. As to the contention that the indictment was found without any evidence before the grand jury and that the names of the registration officers were not indorsed upon the indictment, it suffices to say it is bottomed upon an admission of the Circuit Attorney which falls far short of the insistence of counsel for defendant. While the admission may disclose a practice which should be avoided in the future, it comes short of admitting that the indictment was found without evidence. Moreover, no complaint was made on this point, either by timely motion to quash, or in either the motion for new trial or in arrest.

V. Equally unavailing is the assignment now made against the practice of taking the defendant

when he was arrested to the office of the Circuit Attorney to get him to make a statement and the statement of the Circuit Attorney on that point, for the reason that no such grounds are assigned in the motion for new trial.

We have considered the whole record and find no reversible error. The judgment is affirmed.

*Burgess* and *Fox, JJ.,* concur.