## THE STATE v. PATRICK CLANCEY, Appellant.

### Division Two, May 26, 1910.

1. **ELECTION: Fraudulent Registration: Evidence.** It is competent in the trial of Patrick Clancey, for fraudulently registering at one precinct as John Ross, to show by the registration books of another precinct a registration in his own name. That was competent as an admission that his name was Clancey and not Ross.

2. **MISTREATMENT OF PRISONER: No Assignment.** A complaint of the misconduct of the circuit attorney in having defendant after his arrest brought to his office, cannot on appeal be considered unless made in the motion for a new trial.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher*, Judge.

AFFIRMED.

*C. Orrick Bishop* for appellant.

The State was permitted, over appellant's objection, to introduce evidence tending to show that appellant had registered in another precinct under the name of Patrick Clancey, the circuit attorney stating that its purpose was to show that appellant "actually registered at another precinct . . . there are two crimes, registering twice," and promising to connect appellant therewith. There was no evidence offered

later to show that the appellant had registered or
signed any book in the seventh precinct. The effect
necessarily upon the jurors' minds was that he had so
done, and doubtless this led to the infliction of the
limit punishment. This testimony was not withdrawn
by the circuit attorney at any time, nor was the jury
instructed by the court to disregard it; but it re-
mained before the jury, as testimony against the ap-
pellant, and was undoubtedly in its effect prejudicial.

*Elliott W. Major,* Attorney-General, and *James
T. Blair,* Assistant Attorney-General, for the State.

Appellant urges that evidence was permitted to be
introduced showing that he had registered in another
precinct. (a) In the first place, no such evidence was
introduced, as an examination of the record will show.
(b) Such registration would have been competent as
an admission of appellant.

GANTT, P. J.—On September 2, 1908, the grand
jury of the city of St. Louis returned an indictment
charging appellant with fraudulent registration in that
he did on September 14, 1908, register under the name,
to-wit, that of John Ross.

On September 28, 1908, defendant was arraigned
and, on his refusing to plead, a plea of not guilty was
ordered entered for him. On October 7, 1908, a jury
was impaneled and sworn and the case was tried,
the jury finding defendant guilty and fixing his pun-
ishment at five years in the penitentiary. Timely
motions for new trial and in arrest of judgment were
filed and overruled and defendant was sentenced on
the verdict. After proper extensions of time there-
for defendant filed his bill of exceptions January 13,
1909.

The State's evidence tended to show that on Sep-
tember 14th, 15th, 16th and 17th, 1908, a general regis-
tration of voters was held in each election precinct

of the several wards in the city of St. Louis; that registration judges and clerks in the tenth precinct of the fifteenth ward were duly commissioned and qualified, and were present at the proper place of registration for their precinct at 1903 Olive street, engaged in the performance of their respective duties on the days mentioned; that between three and four o'clock p. m., September 14, 1908, defendant and another entered the place of registration, applied to be registered, was duly sworn, made satisfactory answer to the necessary questions and registered under the name "John Ross," giving his residence as 2100 Olive street, St. Louis, Missouri. Defendant and his companion were arrested a few minutes later as they emerged from another place of registration, and taken back to 1903 Olive street, where witness identified defendant as the man who had but a few minutes before registered under the name "John Ross." Defendant, when first arrested, insisted his name was John Ross, and that he lived at No. 2100 Olive street, but at headquarters he gave his name as Patrick Clancey and his residence as 1805 Morgan street. His identification as Patrick Clancey was complete, he having served both as fireman and as policeman under that name.

It was also shown that on September 14, 1908, defendant lived at 1805 Morgan street, and did not live at 2100 Olive street. Defendant offered no evidence.

I. As the indictment with the exception of the name of the defendant is practically a rescript of the indictments approved in State v. Cummings, 206 Mo. l. c. 616, 623, and State v. Tiernan, 223 Mo. 142, it is deemed unnecessary to reproduce it in this opinion, besides the indictment is not challenged by counsel for the defendant.

As already said there is no error in the record proper as to arraignment, the impaneling of the jury, the verdict or the sentence of the court. All these are

in due and proper form. In fact the only errors alleged by counsel for defendant for the reversal of the judgment pertain to the admission of testimony on the part of the State. First, defendant assigns as error that the court permitted Mr. Ellsperman to testify that a general registration was in progress in St. Louis on September 14, 1908. This same objection was made in State v. Thavanot, 225 Mo. 545, and was ruled adversely to the present contention of the defendant. Nothing need be added to what was said in that case further than that we think the evidence was entirely competent.

II. It is also insisted that there was no evidence that the alleged acts of the defendant were committed in any election precinct. This point also was made in Thavanot's case, and the testimony was held amply sufficient to establish that the offense was committed in the 10th precinct of the 15th ward of the city of St. Louis. In fact the evidence in this case is more satisfactory than it was in Thavanot's case and this point must be ruled adversely to the defendant.

III. Defendant complains that the State was permitted over his objection to introduce evidence tending to show that he had registered in another precinct under the name of Patrick Clancey. An examination of the record will show that all that was done in this respect was the identification of the registration books of precinct seven in the fifteenth ward while the witness Ellsperman was on the stand. The circuit attorney stated that he simply wished to identify the book and would introduce it later on and the matter really stopped with that showing, but we think it would have been perfectly competent to have shown that this defendant, who was charged with having registered under the name of John Ross in the tenth precinct, had actually registered in the seventh precinct

as Patrick Clancey. It was clearly competent as an admission that his name was Clancey and not Ross, the name which he had given to the officers of the registration in the tenth precinct. But as already said the testimony did not reach that far, and there is no ground for complaint on that score.

IV. The only remaining complaint is the misconduct of the circuit attorney in having the defendant, after his arrest, brought to him at his office. This complaint is not made in the motion for new trial and of course it is not before us for review. Moreover, this court has expressed itself on this head in State v. Thavanot.

Upon the whole record we find no reversible error and the evidence is sufficient to support the indictment and the instructions of the court are such as were fully approved in State v. Cummings, 206 Mo. 618. The judgment is affirmed. All concur.