THE STATE v. JAMES J. (alias SPOT) REAGAN,
Appellant.

Division Two, December 4, 1919.

1. **INSTRUCTION: Omission of Word Feloniously.** The omission of
the word "feloniously" from the instruction defining the crime
of carrying concealed weapons is not error. The word is nec-
essary in the information for the purpose of classifying the offense
as a felony, but it is not necessary to insert it in the instruction
telling the jury that defendant may be convicted if they find he
"unlawfully and wrongfully and intentionally carried concealed
about his person," etc.

2. ———: **Carrying Concealed Weapons: Intention to Conceal.** Where
the court has instructed the jury that in order to convict defend-
ant they must find that he "unlawfully and wrongfully and inten-
tionally carried concealed about his person a certain deadly and
dangerous weapon," it is not error, in the instruction advising
them how intention could be proved, to fail to tell them that if
they find defendant did not intend to carry the weapon concealed
they should acquit him.

3. **VERDICT: Against Weight of Evidence.** The weight of the evi-
dence is a question for the jury, and where there is substantial
evidence of defendant's guilt the appellate court will not set aside
their verdict on the ground that it is against the overwhelming
weight of the evidence.

4. ———: **Concealed Weapons: Right to Carry.** The question of
whether defendant, at the time a pistol was concealed on his
person, was about to start on a trip to another state and therefore
had a right under the statute (Sec. 4496, R. S. 1909) to carry it,
is one for the jury to determine; and where it is submitted to
them upon proper instructions, it is for them to say whether the
evidence was sufficient to bring him within the statutory exception.

Appeal from St. Louis City Circuit Court.—*Hon. John
W. Calhoun*, Judge.

AFFIRMED.

State v. Reagan.

*T. J. Rowe* and *Thos. J. Rowe, Jr.*, for appellant.

(1) Instruction 2 is erroneous because the court should have instructed the jury that if they believed from the evidence defendant did not intend to carry the weapon concealed, then they should acquit the defendant. (2) The evidence on behalf of the State proved that defendant did not intend to carry the . revolver concealed. State v. Carter, 168 S. R. 681. (3) In most of the states it devolves upon the accused to show as a matter of defense that he comes within one of the exceptions created by the statute prohibiting the carrying of concealed weapons. But in Michigan it appears that the prosecution must prove that the defendant does not fall within one of the exceptions. People v. Pendleton, 79 Mich. 317. (4) Instruction 1 is erroneous because the jury were instructed if they believed the defendant unlawfully and wrongfully and intentionally carried about his person a deadly weapon he was guilty of the offense charged in the information, and defendant could not be guilty of the offense charged in the information unless he feloniously carried about his person a deadly weapon. Again, said instruction is erroneous because it is on the whole case and defendant's defense that he was about to start on a journey was entirely eliminated from the instruction.

*Frank W. McAllister*, Attorney-General, *Shrader P. Howell*, Assistant Attorney-General, for respondent.

(1) The court properly submitted to the jury the question as to whether the defendant intended to carry the weapon concealed about his person. State v. Miles, 124 Mo. App. 285; State v. Carter, 259 Mo. 360; State v. Hovis, 135 Mo. App. 547. (2) Instruction 1 is not erroneous because the word "feloniously" is not used therein. State v. Reed, 140 Mo. App. 253; State v. Cummings, 206 Mo. 623; State v. Rader, 262 Mo. 132; State v. Baker, 264 Mo. 354; State v.

Massey, 274 Mo. 589; State v. Burgess, 268 Mo. 415.
(3) The evidence submitted on the trial is amply suf-
ficient to sustain the verdict. State v. Miles, 124 Mo.
App. 285; State v. Arnett, 258 Mo. 259; State v.
Concelia, 250 Mo. 411.

MOZLEY, C.—The defendant was informed against
by the Circuit Attorney at the February term, 1918,
of the Circuit Court of the City of St. Louis, upon a
charge of having unlawfully and feloniously carried
concealed about his person a dangerous and deadly
weapon, to-wit, one revolving pistol, loaded with gun-
powder and leaden ball, contrary to the statute and
against the peace and dignity of the State. On May
27, 1918, the defendant was duly arraigned, in Judge
Calhoun's division of said court, and entered his plea
to said charge of not guilty. Upon trial of said charge
before a jury of twelve men, which occurred on the
10th day of June, 1918, the defendant was convicted,
and the jury returned the following verdict: "We, the
jury in the above entitled cause, find the defendant
guilty of carrying concealed weapons, as charged in
the information, and assess his punishment at six
months in the city jail." Motion for new trial was
overruled, and the case is here on defendant's appeal.

Defendant alleges reversible error as follows,
to-wit: (a) Instructions one and two, given by the court
are erroneous; (b) the verdict of the jury is against
the overwhelming weight of the evidence; and (c) the
overwhelming weight of the evidence tends to establish
the fact at the time defendant was arrested and was
carrying a revolver, he was about to start on a trip
from the State of Missouri to the State of Kansas,
and had a right, under Section 4496, Revised Statutes
1909, to carry it.

The evidence on the part of the State was that
Andrew Stevenson and Dick Broeders, police officers
doing duty as members of the "gun squad" which
duty required them to search those suspected of carrying

concealed weapons, on February 26, 1918, between 9:30 and 10 o'clock at night, at a saloon belonging to Yitz Weisman, searched defendant, and found concealed in the front pocket of his trousers a six-shot Colts revolver, with all of the chambers loaded, and thereupon arrested and confined him until bond was arranged for his subsequent appearance in the circuit court for trial. In that court it was conceded that defendant had the revolver and had it concealed when arrested, and the same concession is made at our bar.

On the part of defendant the testimony tended to show that he was intending to go that night to Pittsburg, Kansas to buy horses and mules for the United States Government, and that he borrowed the gun at Baur's saloon, which is located on Market between 13th and 14th Streets, and carried it about a block from there to a saloon run by Yitz Weisman, located on the corner of 14th and Chestnut Streets, and left it there and shortly thereafter returned and called for the gun, got it and put it in his pocket, and while taking a drink at the bar was searched by the officers, with the result above stated. Defendant further stated that he intended to leave over the Missouri Pacific Railroad at 11:15 for Pittsburg, Kansas, but he did not make the trip until one week later.

All of these matters were, at his trial in the circuit court, submitted to a jury of twelve men, who found him guilty as charged in the information and assessed his punishment at six months in the city jail.

Motion for new trial proved without avail, and defendant is in this court on appeal.

I. The first assignment of error is that instructions one and two given by the court are erroneous. Number one, it is contended is radically prejudicial, because it charges the jury that defendant may be Feloniously. convicted if they find that he unlawfully and wrongfully and intentionally carried concealed about his person a certain deadly and dangerous

weapon, etc.   It will be noted that said instruction omits the use of the term "feloniously," and this is the crux of appellant's complaint concerning it.   We are unable to agree with this contention.   In the case of State v. Cummings, 206 Mo. 613, 1. c. 623, this court, speaking through FOX, P. J., ruled upon an identical contention as follows:

"This court has repeatedly held that instructions need not be as broad as the charge in the information or indictment, and it was not essential in the instructions of the court to use the term feloniously.   If the acts of the defendant, as complained of in the information, were wilfully, knowingly, falsely and fraudulently done, the statute classifies the commission of such acts as a felony, and while it is essential in charging the offense in an information or indictment in order to classify the offense to charge that it was felonously done it is by no means essential that the term feloniously should be used in the instructions of the court to the jury."

In the later cases of State v. Rader, 262 Mo. 117, 1. c. 132, and State v. Massey, 274 Mo. 578, 1. c. 589, the holding is the same as in the Cummings case, supra.

Under these authorities we conclude that it was not erroneous to omit from said instruction the term feloniously and accordingly rule the point against appellant.

II. The point is made that instruction numbered two is erroneous in not telling the jury if they found from the evidence defendant *did not intend* to carry the weapon concealed, then he should be acquitted.

The question of defendant's intention to carry a revolver was submitted to the jury by instruction number one, by which they were required to find as an element of the offense that he intentionally carried it,

Intentionally.   and instruction number two merely advised them how intention could be proven.   It would not have been proper to have instructed the jury that if they found from the evidence defendant

*did not intend* to carry the revolver concealed, because both the affirmative and negative of his intention in carrying it is contained, as above noted, in instruction number one; in other words, it would have been impossible for the jury to have returned a verdict of guilty without finding that the revolver was intentionally carried. Furthermore, we think there can be no serious controversy concerning defendant's intention to carry the revolver concealed; he, and his learned counsel as well, admit that he carried it concealed, and manifestly he intended to so carry it; any other conclusion is too incredible for belief. We hold that instruction number two was well enough, and rule this point against appellant.

III. Points two and three may be disposed of under one head. The first of these asserts that the verdict of the jury is against the overwhelming weight of the evidence, and point three asserts that the overwhelming weight of the evidence tends to establish the facts that at the time defendant was arrested and was carrying a revolver, he was about to start on a trip from the State of Missouri to the State of Kansas, and had a right under Section 4496, Revised Statutes 1909, to carry a revolver.

As to point two, asserting that the verdict is against the overwhelming weight of the testimony, a jury question is presented, and where, as here, there was substantial evidence tending to prove the State's contention and the verdict of guilty was approved by the trial court, we are not at liberty to disturb the result, and we rule the point against appellant.

As to point three, the question of whether appellant was about to start on a trip from Missouri to Kansas and thus bring himself within the exception of Section 4496, Revised Statutes 1909, giving him the right to carry the revolver, was, likewise, a question for the jury to pass upon; that is, it was their province and duty under the instructions of the court to weigh the

evidence upon the part of the State and upon the part of defendant, and determine whether, in their judgment, it was sufficient to bring defendant within said exception. They found that it was not sufficient for that purpose, and we agree with their finding, and overrule the contention.

We think appellant has had a fair and impartial trial and that his conviction should be affirmed. It is so ordered.

*Railey* and *White CC.*, concur.

PER CURIAM:—The foregoing opinion of Mozley, C., is hereby adopted as the opinion of the court. All of the judges concur.