## THE STATE v. LEO JUDD, Appellant.

### Division Two, June 29, 1909.

1. **VOTER: Registration: Information: Contradictory.** An information charging that the defendant, Leo Judd, feloniously did sign the election registration book under the name of Chas. Cohn by writing on said book the words and name Chas. Cohen, contains repugnant and inconsistent charges, and is bad.

2. ——: ——: ——: ——: **Names: Idem Sonans.** The name which an applicant for registration as a voter signs to the register is the name by which he asserts his right to vote, and an information which states that he signed the name of Chas. Cohen, after charging that he applied to vote in the name of Chas. Cohn, is contradictory on its face, and does not show a prima-facie lawful registration, or facts which would amount to a lawful registration. The doctrine of *idem sonans* has no application to such a case.

3. ——: ——: ——: **Signature.** An information, charging a false registration by a voter, should contain an allegation that the applicant signed his name on one of the registers. Such an allegation is material, under the statute.

4. ——: ——: ——: ——: **No Evidence.** Where the information charges that defendant Leo Judd applied to register as a voter in the name of Chas. Cohn and wrote the name of Chas. Cohen on the register, and there is no evidence that defendant signed Chas. Cohen on any of the registration books, but the State's evidence is that one of the judges of election wrote said name on the duplicate book, a judgment of conviction cannot stand; for the State cannot contradict the material allegation that it was the defendant who wrote the name Chas. Cohen on the book.

Appeal from St. Louis City Circuit Court.—*Hon. Geo. H. Williams,* Judge.

REVERSED AND REMANDED.

*C. Orrick Bishop* for appellant.

(1) The information proceeds to allege that the said Leo Judd then and there unlawfully, feloniously, etc., did sign said registers and books of registration "in the margin on said books, provided for the signatures of registered electors and voters, under the same name Chas. Cohn, by writing on said books the words and name Chas. Cohen." Wherefore the information is repugnant in that it charges a registration under one name and the writing upon the books of a different name; for it will hardly be claimed that Cohn and Cohen are the same name. The doctrine of *idem sonans* has no application in a case of this kind. The name signed by the applicant upon the book is the name he claims as his, by right of which he exercises the right of voting, and presumably the name announced to the officers of registration. It would hardly be consistent to allege that a defendant requested and required to be registered under the name of Thompson when he writes his name on the book as Tompkins. The demurrer to the information should have been sustained upon this ground alone; but the information is defective and insufficient for the reason that it fails to charge all the essential elements of the offense created by the statute. State v. Keating, 202 Mo. 205. (2) The demurrer to the evidence should have been sustained for the reasons: 1. There was absolutely no evidence that the appellant ever signed the name Chas. Cohen upon any book whatever. 2. The only official book, or official record, identified and sworn to by the custodian of such books and records, Mr. Elspermann, the Secretary of the

Board of Election Commissioners, was the book designated as "Original Registration Book, 4th Ward, 6th Precinct," and there is no evidence in the case that the name Chas. Cohen appears upon that book, at any place. 3. The only place where the name Cohen appears to have been written was on what was called the duplicate registration book, and there it was written by one of the judges, and not by the appellant, as the duplicate book (so-called) was not signed by the applicant, and there was no evidence that the so-called duplicate was an official register or a record of the Election Commissioners' office.

*Herbert S. Hadley,* Attorney-General, *F. G. Ferris,* Assistant Attorney-General, and *Elliott W. Major,* Attorney-General, for the State.

(1) There is nothing for review in this case except the record proper. The motion for a new trial was overruled on the 24th day of April during the April term of the circuit court. Defendant's bill of exceptions was filed on the 25th day of June, at the June term of said court. The record proper contains no entry of record made at the April term, giving defendant time beyond said term within which to file his bill of exceptions. The bill of exceptions, in order to be considered on appeal, must be filed during the term at which the motion for a new trial was overruled, or within such time as, by leave entered of record at that term, is given appellant in which to file his bill. R. S. 1899, sec. 728; State v. Goehler, 193 Mo. 177. If there was an order extending the time, such' order must be shown in the record proper. A recital in the bill of exceptions itself is not sufficient. Hill v. Butler Co., 195 Mo. 511. (2) The information is based on section 2120j of the Act of March 24, 1903. It is sufficient, as it follows the language of the statute, and sets forth all the facts necessary to constitute the offense charged. Laws 1903, p. 159, sec. 2120j;

Laws 1903, p. 177, sec. 11; State v. Keating, 202 Mo. 197. The case at bar is based on that clause of said section 2120j, which makes it a crime for any person to "register . . . under any name not his own." The allegations in the information specifically bring defendant within these material words of the statute, and thus supply what was lacking in the information held to be insufficient in said Keating case. The Keating case was based on that clause of said section 2120j, which makes it a crime for any person to "fraudulently register . . . in any election precinct not having a lawful right to register therein," and the information in that case was held to be insufficient, because its allegations did not specifically bring the defendant within those material words, and particularly because the word "election" was omitted from the allegation as to the precinct.

FOX, J.—At the June term, 1906, of the circuit court of the city of St. Louis, the circuit attorney lodged in said court his information against the appellant, which, omitting the formal parts, is as follows:

"That on the twenty-first day of September, in the year of our Lord one thousand nine hundred and four, there was held in the said city of St. Louis, and in each ward and precinct of said city, a general registration of electors and voters under and pursuant to the laws of the State of Missouri (the said city of St. Louis being then and there a city having more than three hundred thousand inhabitants), and that Leo Judd, late of the city of St. Louis, on the said twenty-first day of September, one thousand nine hundred and four, at the city of St. Louis, and in the sixth election precinct of the fourth ward of said city of St. Louis, at the place of registration of said sixth election precinct of said fourth ward of said city of St. Louis, at

number 1122 Locust street, and before the judges and clerks and officers of registration of said sixth election precinct of said fourth ward of said city of St. Louis, unlawfully, feloniously, willfully, knowingly, falsely and fraudulently did then and there register under a name not his own, to-wit, under the name of Chas. Cohn, and then and there unlawfully, feloniously, willfully, knowingly, falsely and fraudulently pretended and represented to said judges, clerks and officers of registration of said sixth election precinct of the fourth ward of said city of St. Louis that his name was Chas. Cohn, and that he was entitled to register and be registered on the books of registration and registers of said election precinct, as a qualified voter and elector of said election precinct under said name of Chas. Cohn, and requested and required that said judges, clerks and officers of registration of said election precinct enter, write and register the name of him, the said Leo Judd, on said registers and books of registration of said election precinct as Chas. Cohn, and as a resident and qualified voter and elector of said election precinct entitled to register and vote in said election precinct as Chas. Cohn, he, the said Leo Judd, then and there well knowing that his name was not Chas. Cohn; and the said judges, clerks and officers of registration of said sixth election precinct of the fourth ward of said city of St. Louis, then and there did enter and write upon the registers and books of registration of said election precinct the said name of Chas. Cohn as and for the name of him, the said Leo Judd, as a resident and qualified voter and elector of said election precinct, and he, the said Leo Judd, then and there unlawfully, feloniously, willfully, knowingly, falsely and fraudulently did sign said registers and books of registration of said election precinct in the margin on said books provided for the signatures of registered electors and voters, under the same name, Chas. Cohn,

by writing on said books the words and name CHAS. COHEN. And so the said Leo Judd at the said city of St. Louis, on the said twenty-first day of September, one thousand nine hundred and four, in the manner and form and by the means aforesaid, unlawfully, feloniously, willfully, knowingly, falsely and fraudulently did register under the name not his own; contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State.''

A number of continuances were granted, all except one being at the instance of the court. At the February term, 1908, the defendant filed his demurrer to the information, which was overruled and he was duly arraigned and entered his plea of not guilty, and was put upon his trial and convicted and his punishment assessed at two years imprisonment in the penitentiary. Motions for new trial and in arrest of judgment were duly filed and overruled and leave given the defendant to file a bill of exceptions, which was duly filed on the 25th of June, 1908. The evidence for the State tended to prove that on the 21st of September, 1904, there was held in the city of St. Louis and in each ward and election precinct of said city, a general registration of electors and voters under and pursuant to the laws of the State of Missouri. And that said registration in and for the sixth election precinct of the fourth ward of said city, in charge of and conducted by judges and clerks of election duly appointed, commissioned, qualified and acting, was had and held at number 1122 Locust street in said election precinct, said number 1122 Locust street was a room about 14 by 16 feet in size in a dwelling house. The said election judges and clerks for said precinct had the registration books of said precinct upon a table in said room, and there voters would register as they appeared and applied for registration. Each applicant for registration

was required to give under oath, to said registration officer, certain information about himself, such as name, age, residence, nativity, length of residence in the city, and State, which information together with the date for application for registration was duly entered by election officers in the original registration book and in a copy thereof and also in the primary election registration book. The applicant for registration having given satisfactory information to the officers, was required to sign his name on the numbered line containing such information about himself and thereupon his name was marked upon the registration books as a duly registered voter. On that day the defendant appeared before the said registration officer and applied for registration and was sworn. On being asked his name he replied that his name was Chas. Cohn. He answered the required questions and signed his name Chas. Cohn to the registration book, completing the matter of his registration under that name in due form. After he had gone out of the room, it was suggested by one of the registration officers that he had registered there under another name on the same day. Discussion was had on the subject and also as to the spelling of the name ''Cohn,'' which caused the election officers to remember the instance of his registering as Chas. Cohn. The original registration book of the fourth ward, sixth precinct, was identified as an official record of the registration entries, but the name of Chas Cohen nowhere appears on that book. The only place where the name Cohen appears is in the duplicate registration book and that was signed by one of the judges and not by defendant.

It was shown by Gus. V. R. Mechin, an expert in handwriting, that the signature Leo Judd on the registration book was written by the same person who wrote the signature Chas. Cohn and Chas. Cohen on the registration books. These signatures were submitted to the jury for inspection and comparison. On

State v. Judd.

the other hand, the defendant introduced a witness, Mr. J. M. Trenley, an expert in handwriting, who testified that the signature Chas. Cohn on the registration book was not written by the same party who wrote the signature Leo Judd on the registration book, but he thought that the signature Leo Judd on the registration book was the same as the signature of the defendant to the papers he filed in this suit. Defendant did not take the witness stand in his own behalf.

Two things out of the ordinary appear in this record: first, that though the offense is alleged to have been committed September 21, 1904, the information was not lodged until October 4, 1906, and then the cause was continued six times by the court of its own motion. This long delay in preferring the information and in bringing the cause to trial accounts, in a large measure, for the exceedingly indefinite and uncertain memory of the witnesses as to the actual occurrences in connection with the alleged fraudulent registration. It will be observed that the information charges the defendant with feloniously registering under the name not his own, to-wit, the name of Chas. Cohn, in violation of what is known as section 2120j of the Acts of March 24th, Laws of 1903, page 159; sections 10, 11, Laws of 1903, page 177. Sections 10 and 11 of the Act of March 28th, 1903, prescribe the method and manner of registering qualified voters in cities having three hundred thousand inhabitants or over. Section 10 provides that under the column "signature" in one of the registers, the applicant shall write his name, and if he is unable to write he shall make his mark after his name is written for him, and his signature shall be witnessed by one of the judges. Section 11 provides that to every applicant shall be administered an oath to answer all such questions as shall be put to him touching his place

.of residence, name, place of birth, age, occupation, qualification as elector and his right to register. And provides that the name of every applicant shall be entered into such register books and all the facts shall. be therein stated whether the applicant is entitled to vote or not.

The point is made by the defendant in this case that the information is bad on its face, for the reason that it charges that the defendant unlawfully and feloniously, etc., did then and there register under the name of Chas. Cohn and unlawfully and feloniously pretended to the election officers that his name was Chas. Cohn and that he was entitled to register under the name of Chas. Cohn, and that he requested the judges, etc., to enter, write, and register the name of him the said Leo Judd on said registration books as Chas. Cohn, and that the said judges and clerks then and there did enter and write upon the register and book of registration the said name of Chas. Cohn as and for the name of him the said Leo Judd as a resident and qualified voter and elector of said election precinct. And then proceeds to charge that the defendant Leo Judd *feloniously did sign such registers* and books of registration *under the same name Chas. Cohn* by writing on said books the words and name *Chas. Cohen,* and thus it is insisted that the allegations of the information are repugnant to each other, in that they charge a registration under one name and the writing upon the books of another and different name.

In State v. Keating, 202 Mo. 197, this court had occasion to determine the averments that were necessary to charge an offense under section 2120j, Laws 1903, page 158, and it was held that it was not enough to merely allege that the defendant "fraudulently registered," but it was essential that the pleader should designate the acts done by the accused in and about his registration which resulted in a fraudulent

registration of him by the registration officers. In so doing we cited and approved the opinion in United States v. McCabe et al., 58 Fed. 557.

In this case the pleader has evidently attempted to follow the Keating case, and in his opinion, it is essential to a lawful registration under the Act of March 28, 1903, providing for registration and elections in cities and towns of three hundred thousand inhabitants or over, that, after the registration officers have administered the oath of an applicant for registration and filled out the various blanks specified in section 10 of said act according to his answers, the applicant shall write his name under the column headed "signature," in one of the registers, and if he cannot write his name, he shall make his mark after his name is written for him, and his signature shall be witnessed by one of the judges, and we concur in this view. We are of the opinion that the Legislature provided for the signature of the applicant as a means of identification and as a guaranty of the truth of his answers, touching his right to vote, to the officers. We can see no reason why this is not as material as any other provision in this section, and this being so the circuit attorney properly deemed it necessary to allege that the defendant did sign said registration books, on the margin thereof, but when he came to make that averment, after alleging the defendant had answered that his name was Chas. Cohn and the judges had entered and written his name in said register as Chas. Cohn, he proceeds to charge and allege that defendant unlawfully and feloniously did sign said registers and books of registration by writing the name of Chas. Cohen; in other words, it charges a registration under one name and a signature of an entirely different name, that is to say, the allegations of the information are repugnant in material matters. The doctrine of *idem sonans* has no place in the case. The name which an applicant signs to the register is

the name by which he asserts his right to vote and an information which shows he signed one name, after stating he bore another name, is contradictory on its face and does not show a prima-facie lawful registration, or facts which would amount to a lawful registration. We think the demurrer should have been sustained, but the objection being a fatal one is available on appeal.

2. But there is another reason why the judgment must be reversed. The State of course is bound by the allegation of the material matter of the signature of the registration book by defendant under the name of Cohen and yet the State's own witnesses negative any signing of said name by defendant. There was absolutely no evidence that defendant signed *Chas. Cohen* on any one of said books, but said name was signed by one of the judges. As this was the fraudulent act upon which the guilt of defendant was predicated and as there was a total failure of proof thereof, the judgment cannot stand.

As the judgment must be reversed for the errors noted, it may be well to remark that if the judges noted the registration of the defendant under two names on the very day it is alleged he was so fraudulently registered, it is passing strange that not only was no such charge made to him or to his knowledge until two long years had elapsed and defendant left free to cast illegal ballots during all that time, and when, after two years, the charge was preferred that it was allowed to slumber two more years before he was brought to trial and by that time the memories of the witnesses had become so treacherous that one cannot place much reliance on their recollection of material facts. It is exceedingly significant that one expert testified that the names Leo Judd, Chas. Cohn and Chas. Cohen were all written by one and the same person when the State's own witnesses disprove that defendant signed the name Chas. Cohen.

For the errors noted the judgment will be reversed and the cause remanded in order that the circuit attorney, if so advised, may prefer another information.

All concur.