## THE STATE v. HARRY EXNICIOUS, Appellant.

### Division Two, November 23, 1909.

1. **VARIANCE: Registration: Misspelling Name.** Where defendant, Harry Exnicious, was indicted for fraudulent registration as a voter under the name of Joseph Walters, and the evidence showed that he did write that name on the registration book, the fact that he also at the same time in attempting to write the name of "Joseph Walters" on other books misspelled the name, leaving "h" out of Joseph, and omitting "s" from Walters, does not establish a variance between the indictment and proof.

2. · **ELECTION: Proof.** Any witness who knows the fact can testify that there was a general registration of voters on certain named dates, and the secretary of the board of election commissioners is competent to testify that fact, and is not incompetent to so testify, although there is no evidence that the registration was in pursuance to a notice or any official action on the part of said board, or in pursuance to law.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*C. Orrick Bishop* for appellant.

(1) There was a material variance between the allegations of the indictment and the proof, as to how the appellant signed the alleged books of registration, if he signed them at all. And the court, disregarding this material variance and the appellant's demurrer to the evidence, in instructing the jury (in the first and principal instruction) permitted them to find that the appellant had wilfully, etc., signed the said official registers and books of registration by writing thereon the name of Joseph Walters as and for his own name. State v. Judd, 221 Mo. 554. (2) The secretary of the board of election commissioners was permitted to testify, over appellant's objection, in a general way, that there was a general registration of voters in the city of St. Louis on the 14th, 15th, 16th and 17th days of September, 1908, without any evidence that the same was held in pursuance of any notice, or official action on the part of the election commissioners, or pursuant to any law.

*Elliott W. Major,* Attorney-General, and *Charles G. Revelle,* Assistant Attorney-General, for the State.

(1) . The defendant standing on his demurrer, admits the facts the evidence tends to prove, and in passing on it the court is required to make every reasonable inference in favor of the State. Champagne v. Hamey, 189 Mo. 729; Montgomery v. Railroad, 181 Mo. 477; State v. Warner, 74 Mo. 85. We are at a loss to know how the guilt of one charged with this offense could be established by evidence more direct, convincing and conclusive, and in view of defendant of-

fering no evidence in his own behalf, we are forced to the conclusion that his demurrer was in effect, a confession of guilt.   (2)   The instructions given in this case have met with the approval of this court, and have been held to be sufficient.   State v. Cummings, 206 Mo. 618.   If counsel for defendant believed that other and further instructions should have been given, it was his imperative duty to specifically call the court's attention to the features and questions of law not fully covered, and failing in this, his assignment on that phase is stale.   State v. Bond, 191 Mo. 563; State v. McCarver, 194 Mo. 742; State v. West, 202 Mo. 137; State v. Espenschied, 212 Mo. 222.

FOX, J.—This cause is now pending before this court upon appeal by the defendant from a judgment rendered in the circuit court of the city of St. Louis, convicting him of the offense of fraudulently registering as a voter of the Tenth election precinct of the Fifteenth ward of the city of St. Louis, under a name not his own.

On the 21st day of September, 1908, the grand jury of the city of St. Louis returned an indictment, charging the defendant with the offense as above indicated. The sufficiency of the indictment is not challenged, hence there is no necessity for burdening this opinion with a reproduction of it.   The defendant was duly arraigned and entered his plea of not guilty to the charge contained in the indictment, and the case proceeded to trial before a jury which has been regularly impaneled.

The testimony developed upon the trial tended to prove substantially the following state of facts:

That there was a general registration of the voters and electors in the city of St. Louis on the 14th, 15th, 16th and 17th days of September, 1908, and that the judges and clerks of such registration, after being duly sworn and qualified, proceeded in the discharge of their respective duties.   All persons desiring to register as

qualified voters were required to state, under oath, their place of residence, name, date of birth, age, occupation, and certain other matters touching their qualifications and right to register; and if their answers were satisfactory they were then permitted to sign their names on the register as qualified voters. Upon the 15th day of September, defendant appeared before the judges and clerks of registration of the said Tenth election precinct of the Fifteenth ward and requested that he be permitted to register. After being sworn to truthfully answer questions touching his right to register, he stated, among other things, that his name was Joseph Walters, his place of residence 2013 Olive street, which is in the Tenth precinct of the Fifteenth ward. These answers, together with others, were written by the clerk in the record kept for that purpose, and at the proper place in said books, and in the column for qualified voters, defendant signed his name ''Joseph Walters.'' His name, age and residence, as given by him, were then entered on the registration books. When a patrolman, in accordance with directions from one of the judges, started to strike the defendant's name from the registration record, defendant tried to make his escape and was apprehended only when he was shot in the leg. After his arrest and on the 19th day of September, defendant signed a recognizance in the name of Joseph Walters and again gave his address as 2013 Olive street.

The State's evidence also tended to prove that no one of the name of Joseph Walters had ever resided at 2013 Olive street; that defendant's name is Harry Exnicious, and at the time of his offense, and prior thereto, he resided at 821 or 823 Carr street, which was not in the Tenth precinct of said Fifteenth ward.

At the close of the State's evidence the defendant demurred thereto, but offered no evidence in his defense.

At the close of the evidence the court fully instructed the jury upon the charge embraced in the indictment and upon the credibility of witnesses, and the necessity of establishing the guilt of the defendant beyond a reasonable doubt. The cause was then submitted to the jury and they returned their verdict finding the defendant guilty as charged and assessed his punishment at imprisonment in the penitentiary for a term of five years. Timely motions for a new trial and in arrest of judgment were filed and by the court taken up and overruled. Sentence and judgment were entered of record in accordance with the verdict and from this judgment the defendant prosecuted this appeal, and the record is now before us for consideration.

## OPINION.

We have read in detail all of the testimony as disclosed by the record, and in our opinion it conclusively establishes the guilt of the defendant of the charge embraced in the indictment.

## I.

Learned counsel for appellant directs our attention to the testimony wherein it appears that the defendant signed four registration books in the presence of the officers, and specially directs our attention to the fact that his signature was not precisely the same upon some of the books; but that he did sign the registration books there is no dispute. The indictment charges that he registered under the name of "Joseph Walters," and that his proper name was that of Harry Exnicious, the name under which he was indicted. The testimony clearly shows that the original registration book was signed by him as "Joseph Walters." Upon the copy of the original registration book the most that can be said of his signature was that he misspelled the name both "Joseph" and "Walters"; however, it is clear that notwithstanding the improper

spelling of the name, it was intended for "Joseph Walters." Upon one of the primary books there was simply a mistake in the spelling of the Christian name Joseph. In the spelling of that part of his name he omitted the letter "h," as well as omitting from the surname the letter "s" making it "Walter" in place of "Walters." The record discloses further that on line 21 and under the heading "signature," he again simply misspelled his Christian name, that is to say, spelled it "Josph," instead of "Joseph." His surname, "Walters," was properly spelled in writing that signature. Upon another primary book we find the record disclosing the signature of "Joseph Walters." Upon these disclosures of the record counsel insists that there was by reason of the mistakes herein indicated in the spelling of the name Joseph Walters, in signing the registration books, a material variance between the allegations of the indictment and the proof as to how the appellant signed the alleged books of registration. In support of this insistence our attention is directed to the recent case of State v. Judd, 221 Mo. 554. We have carefully re-examined that case and it is sufficient to state upon this proposition that it is clearly distinguishable from the case at bar. In the Judd case it is charged in the information that the defendant had answered that his name was "Chas. Cohn," and that the judges, clerks and officers of registration had entered and written his name in said register as "Chas. Cohn." The pleading in that case then proceeds to charge and allege that the defendant unlawfully and feloniously did sign said registers and books of registration by writing the name of "Chas. Cohen." As was said in that case, it charges a registration under one name and a signature of an entirely different name. That is not this case. Here the charge is that the defendant, Exnicious, registered under the name of Joseph Walters, and did then and there unlawfully, feloniously, wilfully, knowingly, false-

ly and fraudulently, pretend and represent to the said judges, clerks and officers of registration of said Tenth election precinct of the Fifteenth ward of the said city of St. Louis that his name was Joseph Walters, and the proof showed that he signed, correctly spelling the name as Joseph Walters.

We take it that the simple mistake in the spelling of the name in the one or two instances pointed out does not constitute a fatal variance between the allegation in the indictment and the proof offered in support of it.   Again it may be said, recurring to the Judd case, that it was charged in that case that defendant signed the registration books under the name of "Cohen," when the witnesses on the part of the State absolutely negative any signing of that name by the defendant.   There was absolutely no evidence that defendant signed the registration book as "Chas. Cohen," but it was clearly shown by the State's own testimony that said name was signed by one of the judges.   A casual reading of the Judd case makes it manifest that it is clearly distinguishable from the case now under consideration.

## II.

It is next insisted that there was no evidence that this offense was committed in the Tenth election precinct of the Fifteenth ward of the city of St. Louis and at the place of registration of the said Tenth election precinct of the said Fifteenth ward.   We are unable to give our assent to this insistence.  We have carefully analyzed the testimony disclosed by the record, and the testimony of at least two of the witnesses clearly shows that this offense was committed in the Tenth election precinct of the Fifteenth ward of the city of St. Louis and at the place of registration of said election precinct of said ward, that is to say, at No. 1903 Olive street.   This point must be ruled against the appellant.

### III.

Complaint is also made that the secretary of the Board of Election Commissioners was permitted to testify, over appellant's objection, in a general way, that there was a general registration of voters in the city of St. Louis on the 14th, 15th, 16th and 17th days of September, 1908, without any evidence that the same was held in pursuance of any notice or official action on the part of the Election Commissioners, or pursuant to any law. There is no merit in this complaint, and it is sufficient to say that a similar objection was urged in the case of State v. Tiernan, handed down at the present sitting of this court, and it was there held that the objection was properly overruled, and that any witness who knew the facts had the right to testify that there was a general registration on those days, and no one was better able to testify to that fact than the secretary of the board under whose supervision the registration was made.

The testimony disclosed by the record is amply sufficient to show that the defendant's true name is that of Harry Exnicious, and that he did fraudulently register upon the registration book under a name which was not his own, that of Joseph Walters.

Finding no reversible error disclosed by the record, the judgment of the trial court should be affirmed, and it is so ordered.

All concur.