# THE STATE v. ARTHUR THAVANOT, Appellant.

### Division Two, February 12, 1910.

1. **ELECTION: Fraudulent Registration: Evidence.** The secretary of the board of election commissioners of the city of St. Louis is competent to testify that a general registration of voters in all the wards and voting precincts of said city was being held on the day in September defendant is charged with falsely registering under a name other than his own.

2. **TREATMENT OF PRISONER: Taken to Prosecuting Attorney's Office.** The practice of hurrying a defendant, upon his arrest, to the office of the circuit attorney, does violence to American institutions and is to be condemned; but if it does not appear that the defendant was injured thereby it will not constitute reversible error.

3. **REMARKS OF COUNSEL: Improper: Not Preserved in Motion.** Remarks by the State's attorney, in a prosecution for falsely registering under a name other than his own, that defendant "is nothing but a rat and a thief" and that "he is worse than a thief," go beyond the scope of legitimate argument; but the error of the trial judge in holding them to be proper is not for review on appeal if not preserved in the motion for a new trial.

225 Sup—35

4. ———: ———: ———: **Considered in Connection With Other Preserved Matters.** Nor can said improper remarks be considered in connection with other alleged preserved errors, if such errors are not of themselves sufficient to work a reversal. There is no way to give an appellant the advantage of erroneous rulings not preserved for review, if no point properly preserved is of itself tenable.

Appeal from St. Louis City Circuit Court.—*Hon. Geo. H. Shields,* Judge.

AFFIRMED.

*C. Orrick Bishop* for appellant.

(1) The court erred in permitting the secretary of the board of election commissioners to testify, over appellant's objection, that there was a registration of voters on the 14th day of September, 1908, in all the wards and precincts of the city, when he had no personal knowledge of the fact, and without any evidence that the same was held in pursuance of any public notice or official action on the part of the election commissioners or pursuant to any law. (2) The language of the circuit attorney in his argument to the jury was reprehensible, and the court's tacit permission of it grave error; but I find upon examination of the record that the point was overlooked in the motion for new trial, and is probably not now here for review. I submit, however, that even though there may be some strong evidence of appellant's guilt, there is enough in the record to show that he did not have the fair trial which the law accords him, and that the record also shows an effort to prejudice the appellant's cause before the jury with the sanction and approval of the trial court.

*Elliott W. Major,* Attorney-General, and *John M. Atkinson,* Assistant Attorney-General, for the State.

(1) The indictment in this cause is sufficient in form and substance. It follows the language of the

statute, and fully informs appellant of the offense charged. Sec. 2120j, Laws 1903, p. 158; State v. Cummings, 206 Mo. 613. (2) The holding of a public registration is of such a character that any one being possessed of that knowledge can testify to such fact. Besides, if such evidence were incompetent, the records of such registration showing that there was a public registration held on the days above named, were afterwards introduced in evidence, and appellant was not prejudiced by the above ruling in any way.

BURGESS, J.—By indictment duly lodged by the grand jury of the city of St. Louis, the defendant stands charged with falsely registering under a name other than his own, in violation of section 2120j, Laws of 1903, p. 158. Learned counsel for the defendant does not challenge the sufficiency of the indictment, and further note thereof need not be made.

From the evidence it appears that on the 14th, 15th, 16th and 17th days of September, 1908, there was a general registration of voters in the city of St. Louis, duly held in pursuance of the statutes of this State.

Defendant, who by the evidence is shown to be Arthur Thavanot, and a resident of the sixth election precinct of the Fifteenth ward, appeared in company with another voter at the Tenth election precinct of the Fifteenth ward, at about 4 o'clock of the afternoon of September 14th, and there being duly sworn to answer questions as to his qualifications as a voter in said voting precinct, in answer to such questions stated that his name was Sam Alberts, and that his address was 2100 Olive street. The proof shows that the defendant in fact lived at 1004 North Eighteenth street, and had registered on the morning of that day in the Sixth precinct of the Fifteenth ward, under his proper name. In other words, the evidence shows that his name is as charged in the indictment, and was

not Sam Alberts. The evidence shows that he was a resident of the Sixth precinct of the ward, instead of the Tenth precinct. We say that the proof shows these facts, for such is the evidence in behalf of the State, and defendant contents himself with resting upon a demurrer to the evidence as offered by the State.

The questions in this case are practically all settled by the recent cases of State v. Tiernan, 223 Mo. 142; State v. Keating, 223 Mo. 86, and State v. Exnicious, 223 Mo. 61.

It is urged in this case, as it was in some of the others, supra, that there was error in permitting John Ellspermann, secretary of the board of election commissioners, to testify to the fact that a general registration of voters in all of the wards and voting precincts thereof was being held on September 14th and the three succeeding days. This point was expressly ruled upon in State v. Exnicious, supra. The offense charged in that case was, as is the one in this case, from the Tenth precinct of the Fifteenth ward. The evidence is largely the same. The admission of this evidence was proper, and the point is disallowed.

Another contention of the defendant is that it was not shown that the place of registration was within the Tenth precinct of the Fifteenth ward. It would seem to appear that the board of election commissioners had a written contract for the use of a place at 2003 Olive street as a place in which to hold the registration office. This contract was offered, but was rejected on the ground that the owner's name and signature were not identified. Upon this it is urged that there is no evidence that the registration was being conducted at that place. There is a mass of oral testimony that such was the registration place on the 14th day of September, 1908, and on the days hereinbefore mentioned. The judges and clerks were shown to be there. The registration books were there. The

defendant, recognizing it as one of the places of regis-
tration, went there and did register, although under
an assumed name. The boundaries of the precinct
are shown in the record. With this evidence, we are
not impressed with the contention made by counsel
for defendant, and such contention is ruled against
defendant.

Other points in the case have been examined, and
found without merit in so far as we can consider them.
It does appear in the record that the defendant, upon
being arrested, was hurried from the police station to
the office of the circuit attorney. This practice should
be condemned by all American courts. When a de-
fendant is once arrested, he then represents one side
of a prospective litigated question, and counsel for
the State represents the other. The delicacy of the
situation, from a professional standpoint, should dic-
tate the opposite course from that followed in this
case. Of course, if the defendant, being under arrest,
indicated his desire for a conference with the counsel
for the State, no impropriety could be charged, but
for counsel for the State to have the defendant hur-
ried from the place of his arrest to his own office does
violence to the spirit of American institutions. It
does not appear, however, that the defendant was in-
jured thereby. He seems to have been equal to the
occasion, and fully advised of the vicious practice
aforesaid. No prejudicial error can, therefore, be
predicated upon this contention.

The point is made that counsel for the State went
beyond what should have been said in the course of
legitimate argument. For reasons presently to be
stated it will not be necessary to elaborate upon this
question. In the course of his argument counsel for
the State said: "I say to you that this thing aims
at the very foundation of your government and mine;
and I do not know, gentlemen, what this man's politics
are, and it don't make any difference whether he goes

out in the cause of Democracy or in the cause of the Republicans, he is nothing but a rat and a thief." Upon objection, the court did say that the same should be sustained. But counsel for the State later said: "If a man steals something from you, that is in the way of tangible property, you can go out and replace it by your energy and industry, but when he steals your vote a man is stealing something that no person in the world can get back, and I say, and I believe (with the permission of the court) strictly within my rights, that he is worse than a thief." This language the court held proper, and so stated at the time. Exception was duly saved to these remarks. Such language was beyond the scope of legitimate argument, and can only be accounted for on the theory of heated debate in cases of this character. However, whatever may have been the delinquencies of counsel in this regard, the error of the trial judge is not for review here, because the matter is not properly preserved in the motion for a new trial. Learned counsel for defendant recognizes this well-grounded rule, but urges that this matter, in connection with other alleged preserved errors, should be considered in determining whether or not the case should be reversed and remanded. This contention is urged with great force, but we see no way to give the defendant the advantage thereof.

The tenable points urged, in our judgment, are not sufficient to justify the reversal of this judgment and sentence, and the same are therefore sustained and affirmed. All concur.