Raymond Wesley FARMER, Petitioner,

v.

C. C. PEYTON, Superintendent, Virginia
State Penitentiary, Respondent.

Civ. A. No. 67–C–1–L.

United States District Court
W. D. Virginia,
Lynchburg Division.

May 1, 1967.

Raymond Wesley Farmer, in pro. per.

Reno S. Harp, III, Asst. Atty. Gen.,
Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes to the court upon a petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, by Raymond Wesley Farmer, a state prisoner, and it is filed *in forma pauperis*. The case was ordered transferred to this court from the U. S. District Court for the Eastern District of Virginia on December 28, 1966.

Petitioner is currently serving a term of life imprisonment in the Virginia State Penitentiary, pursuant to a conviction for first degree murder by the Circuit Court of Campbell County, Rustburg, Virginia on May 12, 1958. At his trial petitioner was represented by counsel employed by his parents. Petitioner waived his right to trial by jury and entered a plea of guilty.

A habeas corpus hearing was conducted by the State court in Rustburg on May 19, 1966, as a result of a petition by the prisoner. Petitioner was represented by court appointed counsel and was afforded an opportunity to present testimony in his own behalf. The writ was denied by an order entered May 26, 1966. On November 30, 1966 petitioner's writ of error was denied by the Supreme Court of Appeals of Virginia.

Petitioner now seeks a writ of habeas corpus from this court alleging essentially the same errors he raised in his State court hearing. The petitioner's allegations are as follows:

(1) Ineffective representation by counsel at trial.

(2) Petitioner's confession was obtained during his illegal detention, thus the confession should not have been admissible evidence at his trial.

(3) Petitioner's confession was involuntary and obtained by compulsion.

(4) Petitioner was denied assistance of counsel, in accordance with due process of law, during the accusatory phase of his questioning.

The record reveals the following basic facts:

On March 26, 1958 the petitioner was arrested, without a warrant, on suspicion of murder. Petitioner was taken directly to the police station and questioned for approximately three hours. Petitioner orally confessed to the crime and was then taken to the office of the Commonwealth's Attorney where petitioner signed a written confession. Petitioner denied that he was ever advised of his rights but the investigating officers and the Commonwealth's Attorney testified that petitioner was advised of his rights before the questioning began and again before petitioner signed the written confession. Petitioner's parents employed counsel on March 27, 1966. A preliminary hearing was held on March 28 and the indictment, arraignment and trial took place on May 12, 1966. Petitioner's attorney investigated the case and talked with the arresting police officers and the Commonwealth's Attorney. Petitioner admitted that his attorney had been furnished a copy of his confession. Petitioner's attorney recommended that petitioner plead guilty and accept a sixty (60) year sentence, which the Commonwealth's Attorney suggested to the trial court. The trial court however, imposed a life sentence. The petitioner admitted under cross-examination that some of the sworn statements in his state petition for habeas corpus were incorrect.

Having studied the record, this court is satisfied that the record is an adequate basis on which to make a decision. Therefore, there is no need for a plenary hearing.

Petitioner's first allegation raises the familiar claim that he was deprived of effective representation by counsel. It has been frequently held that a defendant is deprived of his constitutional rights by ineffective representation of counsel only in "extreme instances where the representation has been so inadequate as to make a farce of the trial. * * *" Snead v. Smyth, 273 F.2d 838,

842 (4th Cir. 1959). A prisoner seeking "his release by habeas corpus on the grounds of ineffective assistance of counsel has the burden of proving the charge made. The denial of a petitioner's constitutional rights must be proved by a preponderance of the evidence." C. C. Peyton v. Fields, 207 Va. 40, 147 S.E.2d 762, 766 (1966). The petitioner here has not met this burden of proof.

■ To prove ineffective representation of counsel, petitioner mentions in passing that his attorney visited him only twice before the trial and that petitioner was not advised of his right to a jury trial. The mere fact that the attorney visited petitioner only twice certainly does not establish ineffective representation of counsel. Peyton v. Fields, supra. The record discloses that counsel was employed six weeks before trial and that counsel did investigate and discuss the case with the arresting police officers and the Commonwealth's Attorney. Petitioner's contention that he was not advised of his right to a jury trial is supported only by his sworn statements in a petition which he admits is not wholly correct. Therefore, petitioner has not met his burden of proof on these issues.

■■ Petitioner's contention that he was deprived of effective representation by counsel is based mainly on the ground that his attorney recommended that petitioner plead guilty and accept the "maximum" sentence. Such a recommendation is said to prove that petitioner's attorney did nothing for the petitioner and thus did not effectively represent him. Under the law of Virginia the petitioner was exposed to the possibility of a death sentence upon conviction of first degree murder. Va.Code Ann. § 18.1–22 (Repl. Vol. 1960). However, in the state hearing, petitioner's attorney offered evidence that a negro has never been sentenced to death for the murder of another negro in Campbell County and thus life imprisonment was the maximum sentence petitioner was likely to receive. The State court refused to admit such evidence on the ground that the findings of juries in prior cases was irrelevant. The record further discloses that petitioner's attorney did plead for leniency and point out to the trial court that petitioner had no prior criminal record. At the most, the decision of counsel to recommend a plea of guilty and ask for leniency rather than expose petitioner to the possibility of a death sentence could only be urged as an error of judgment and was not ineffective representation. In fact, this course may have saved petitioner from a death sentence. Petitioner has not shown that his attorney failed to meet the due process requirement of effective representation of counsel by failing to give his client his complete loyalty and serving the client's cause in good faith and to the best of his ability. Root v. Cunningham, 344 F.2d 1, 3 (4th Cir. 1965).

■ In his second allegation, petitioner contends that his confession should not have been admissible evidence because it was obtained during a period of illegal detention.

After his arrest petitioner was held and questioned for approximately three hours before being booked. Thus petitioner contends he was not taken before a judicial officer with reasonable promptness. We do not feel under the circumstances of this case that three hours constituted illegal detention here, and "what is reasonable promptness is necessarily a question of fact, depending on the circumstances of each case * * *." and time periods longer than three hours have been held to be legal. McHone v. Commonwealth, 190 Va. 435, 57 S.E.2d 109, 113 (1950); Hammer v. Commonwealth, 207 Va. 135, 148 S.E.2d 878, 884 (1966).

■ However, even assuming that the confession was obtained during a period of illegal detention, the petitioner has failed to show he was prejudiced by the detention. This court declines the petitioner's invitation to presume prejudice. It is clear that Virginia follows the rule that "a showing of prejudice or harmful consequence is required before

'overturning convictions on petitions for habeas corpus.'" C. C. Peyton v. Fields, 207 Va. 40, 147 S.E.2d 762, 767 (1966); Horne v. Peyton, 356 F.2d 631, 633 (4th Cir. 1966).

 Petitioner's third allegation sets out the claim that his confession was involuntary because (1) he was told that any statement he made could be used "for" him (2) the police threatened to make petitioner spend the night alone in the murdered victim's house. The arresting officers and the Commonwealth's Attorney testified that they advised petitioner that he did not have to make any statement, but that any statement made could be used "for" or against him. Such statements merely advised petitioner of his constitutional rights and there is no evidence to show that petitioner was in any way misled as to how the statement would be used "for" him. It seems almost trite to rule that advising petitioner that his statement might be used for or against him did not make the confession involuntary. The alleged police threat was denied by officer Miles, one of the arresting officers, and this court is not persuaded by the unsupported allegations of petitioner set forth in sworn statements which petitioner admits are not wholly correct.

Petitioner's final allegation is that he was denied assistance of counsel, in violation of due process, during the accusatory stage of his questioning. Petitioner's trial took place in 1958, many years before the rules set forth in *Escobedo* (June 22, 1964) and *Miranda* (June 13, 1966) went into effect. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). The highest court of Virginia recently declined to extend the effect of *Escobedo* and *Miranda* and this court will not do otherwise. Cooper v. Commonwealth, 205 Va. 883, 140 S.E.2d 688 (1965) relied on by petitioner, deals with denial of due process after indictment and is factually distinguishable from this case. Hammer v. Commonwealth, supra.

For the reasons stated in this opinion and upon mature consideration of the facts relied upon by petitioner in the case at bar, this court feels that the allegations are without merit. Nothing would be gained by a further hearing.

Therefore, it is hereby adjudged and ordered that the petition for habeas corpus be, and hereby is denied. A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.