Raymond Wesley FARMER, Petitioner,

v.

C. C. PEYTON, (J. D. Cox), Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 68–C–51–L(C).

United States District Court
W. D. Virginia,
Charlottesville Division.

Sept. 24, 1969.

See also D.C., 308 F.Supp. 914.

Robert M. Musselman, Charlottesville, Va., for petitioner.

W. Luke Witt, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This proceeding comes before the court on a petition for habeas corpus filed on December 4, 1968, *in forma pauperis* by Raymond Wesley Farmer a prisoner of the State of Virginia pursuant to the provisions of 28 U.S.C. § 2241.

Petitioner Farmer is presently serving a life sentence in the Virginia State Penitentiary pursuant to his conviction on May 12, 1958, in the Circuit Court of Campbell County, for first degree murder. At this trial petitioner Farmer was represented by counsel employed by his parents. Upon his waiver of a trial by jury, petitioner entered a plea of guilty.

On two previous occasions the petitioner sought relief via the state habeas corpus avenue by filing petitions in the Circuit Court of the County of Campbell. The first petition was denied on May 26, 1966 after a full hearing was granted the petitioner. Later that year the Virginia State Supreme Court affirmed this denial on November 30, 1966. A second petition was denied on January 8, 1968 and the Virginia State Supreme Court again followed by affirming the lower court's decision on October 16, 1968. In compliance with the provisions set forth in 28 U.S.C. § 2254, as interpreted in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the petitioner has exhausted all of his available state remedies.

Not only has the petitioner exhausted his state remedies but this court on May 1, 1967 entered an opinion, 267 F.Supp. 517, which dealt with a number of similar issues raised by the petitioner in his present petition before this court. After a careful consideration of the facts before this court at that time, the court denied the relief prayed for by the petitioner. Upon a close examination of the amended petition presently before this court, petitioner, through court appointed counsel, concedes in his memorandum that one of the two allegations raised has been "previously ruled on both by this court and the Circuit Court of Campbell County in earlier petitions". This court does not accept this contention. It clearly appears that this court has ruled on all issues raised, except one,

in its opinion dated May 1, 1967 (67–C–1–L).

The points which the court concerned itself with in that opinion are as follows:

(1) Ineffective representation by counsel at trial.

(2) Petitioner's confession was obtained during his illegal detention, thus the confession should not have been admissible evidence at his trial.

(3) Petitioner's confession was involuntary and obtained by compulsion.

(4) Petitioner was denied assistance of counsel, in accordance with due process of law, during the accusatory phase of the questioning.

In the present petition (68–C–51–L) before this court, the petitioner, through court appointed counsel, has raised the following allegations.

A. (1) Petitioner's confession was involuntary and the result of coercion.

(2) The confession was obtained during a period of illegal detention and therefore should not have been admitted in evidence at trial.

(3) He was denied assistance of counsel during an accusatory stage of the proceedings.

(4) The conduct of the Commonwealth's Attorney was unfair and prejudicial because he did not inquire into the circumstances of petitioner's original confession when he knew that he would prosecute petitioner later.

And under heading B., the following allegation was made:

(1) The petitioner was denied effective assistance and adequate representation of counsel.

█ A mere comparison of the points raised show that the only question to be considered by this court, in light of its opinion dated May 1, 1967, is A(4). As to the same points raised in both petitions, this court has followed the doctrine that although res judicata does not apply to habeas corpus proceedings, controlling weight is given "if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application". Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963); Also see, Tibbs v. Peyton, 287 F.Supp. 858 (W.D.Va., 1968). In light of the foregoing, this court is of the view that the "ends of justice would [not] be served by a redetermination of the ground" Sanders, supra, 373 U.S. at 17, 83 S.Ct. at 1078, upon which petitioner Farmer rests his allegations.

█ Accordingly, this court is now only concerned with allegation A(4) of petitioner's amended petition, namely that the conduct of the Commonwealth's Attorney during the investigatory stage was so improper that it denied the petitioner due process of law. As the respondent states in his answer to the petition before this court, the allegation A(4) was considered in the second petition for a writ of habeas corpus by the Circuit Court of Campbell, Virginia. That court, after considering the evidence found in the transcript of the first habeas corpus hearing (May 17, 1966) denied Farmer the relief he prayed for. This court has read the transcript of the first habeas corpus proceeding, especially that section dealing with the conduct of the Commonwealth's Attorney, (Pages 27–31) and is unable to conclude that the petitioner was the victim of improper conduct which denied him of his constitutional right of due process of law. Counsel for the petitioner in his correspondence informs this court that since the trial in May of 1958, the judge who tried the case, as well as the attorney who defended the petitioner, are now both deceased. The Commonwealth's Attorney who is being questioned, via allegation A(4), although residing out of state, has consented to appear if re-

quested to do so. Considering the testimony already given by this individual it seems somewhat fruitless to recall him for further testimony. This court is of the opinion, as it stated in its previous ruling in May of 1967, that the "record is an adequate basis on which to make a decision".

Thusly, this court denies the request for a plenary hearing for the foregoing reasons, and after a thorough review of the existing record, it is hereby adjudged and ordered that the petition for habeas corpus be, and hereby is denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.