Raymond Wesley **FARMER**, Petitioner,

v.

**J. D. COX, Superintendent, Virginia State Penitentiary (Formerly C. C. Peyton), Respondent.**

Civ. A. No. 68–C–51–L(C).

United States District Court
W. D. Virginia,
Charlottesville Division.

Jan. 2, 1970.

See also D.C., 307 F.Supp. 268.

Robert M. Musselman, Charlottesville, Va., for petitioner.

W. Luke Witt, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION

WIDENER, District Judge.

This is the fourth petition of Raymond Wesley Farmer for *habeas corpus* to relieve him of a May 12, 1958, conviction in the Circuit Court of Campbell County for first degree murder which petitioner now styles as without premeditation but which seems to the court to be a brutal murder of a harmless, sick woman.

Farmer's parents employed counsel for him in the criminal trial, and he was sentenced to life imprisonment on a guilty plea.

He filed a petition for *habeas corpus* which was fully heard in the Circuit Court of Campbell County, May 17, 1966, and denied with a written opinion dated May 19, 1966. A petition for writ of error was denied November 30, 1966. The grounds alleged were (as appearing in the assignments of error):

(1) Ineffective representation of counsel.

(2) Failure to take accused before a judicial officer without unnecessary delay during which time he confessed to the crime.

(3) The confession obtained was not voluntary.

(4) Accused did not have counsel before he confessed.

Petitioner's second petition for *habeas corpus* was filed in this court (No. 67–

C–1–L) and was decided by written opinion and judgment dated May 4, 1967, reported as 267 F.Supp. 517 (1967). No appeal was taken from this petition. The grounds were the same as those considered by the Circuit Court of Campbell County in 1966.

The third petition was filed and heard in the Circuit Court of Campbell County in which the same grounds were again asserted, but to which were added improper conduct of the Commonwealth's Attorney who took the written confession after Farmer had confessed verbally to the officers. The Circuit Court gave Farmer opportunity to testify or to offer more evidence, but he elected to stand on the testimony given in the first hearing, the transcript of which is included with the papers considered here. This third petition was denied by written opinion dated December 21, 1967, and a petition for a writ of error was denied October 16, 1968.

█ Farmer has exhausted his state remedies. 28 U.S.C. § 2254, Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Farmer filed the petition here considered alleging the same grounds he had before:

(1) Ineffective representation of counsel.

(2) Failure to take him before a judicial officer without unnecessary delay during which time he confessed.

(3) The confession obtained was not voluntary.

(4) He had no attorney prior to confessing.

(5) The conduct of the Commonwealth's Attorney was unfair and prejudicial because he did not inquire into the circumstances of the verbal confession given to the officers before taking a written confession himself.

The first four grounds, however stated, and in whatever context, have been passed upon by the Circuit Court of Campbell County and this court previously, and a writ of error has been denied by the Supreme Court of Appeals of Virginia. Although the ends of justice would not be served by reaching the merits of the subsequent application, Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), the court at an *ore tenus* hearing allowed petitioner to testify as to his various complaints. He brought forth no new testimony which materially changed the record which already existed.

The record on petitioner's first four grounds has been considered, and the court is of opinion that the previous opinions are correct. Nothing would be gained by an extended discussion of the merits as to them.

To be considered here, then, is the allegation numbered (A) (4) in his amended petition in the following language: "The conduct of the Commonwealth's Attorney was unfair and prejudicial because he did not inquire into the circumstances of Petitioner's original confession when he knew he would prosecute Petitioner later."

In support of this proposition petitioner relies upon Ganger v. Peyton, 379 F.2d 709 (4th Cir.1967); Macon v. Commonwealth, 187 Va. 363, 46 S.E.2d 396 (1948); and State v. Thavanot, 225 Mo. 545, 125 S.W. 473 (1910).

In Ganger v. Peyton, the prosecuting attorney represented the wife of the accused in a divorce proceeding growing out of the same assault for which Ganger was sentenced. He had, in fact, made an offer to drop the assault charge if Ganger would make a favorable property settlement in the divorce case. Under these circumstances, relying on the common law duty of a prosecuting attorney to exercise a discretion which is not to be controlled by the courts or an interested individual, the court concluded that the requirement of fundamental fairness assured by the Fourteenth

Amendment had been violated and that the petition was well taken.

In Macon v. Commonwealth, the Commonwealth's Attorney and the Sheriff of the county procured a confession in which several statements were not consistent with physical facts. Upon the confession being disputed, when the Commonwealth's Attorney did not retire from the case and testify, the conviction was reversed, the Supreme Court of Appeals obviously believing that it had been procured by promises of the Commonwealth's Attorney and Sheriff.

In State v. Thavanot the Missouri court condemned the practice of prosecuting attorneys talking to defendants unless at their request, but refused to overturn the conviction on this account because no prejudice resulted. No confession was involved.

None of the foregoing cases relied upon by petitioner should apply here. The Sheriff, his deputies, and the Commonwealth's Attorney all testified as to the manner in which the confession was obtained. None of Farmer's rights were violated in the process. In point of fact, the court believes that the Commonwealth's Attorney acted with restraint in taking the confession, after assuring himself it was voluntary, rather than relying solely on the officers.

After Farmer had orally confessed to the Sheriff, who gave him all the requisite warnings, the Sheriff did not reduce the confession to writing but rather took Farmer to the Commonwealth's Attorney, *who again warned Farmer* that he did not have to make a statement, that it could be used for or against him, and that he had a right to have an attorney. Despite the elaborate warning by the Commonwealth's Attorney, Farmer then told his story to him, and the confession was reduced to writing, signed by Farmer, and acknowledged.

■ From the evidence taken here *ore tenus*, and from the record in the two hearings in the state court, this court is of opinion that the conduct of the Commonwealth's Attorney in obtaining the confession certainly did not depart from the requirement of fundamental fairness required by the Fourteenth Amendment. He had no conflict of interest as in *Ganger*; he did not induce the defendant to confess as in *Macon*; and no prejudice to the petitioner resulted from his actions.

Here the Commonwealth's Attorney testified in both the state court and this court with candor as to his actions in obtaining the confession. It should be noted that he talked to Farmer's employed attorney about the case, told him the circumstances under which the confession was obtained, and gave him a copy of it.

The employed attorney died in 1963, which undoubtedly accounts for much of the vigor of Farmer's groundless attacks on him. Farmer did not choose to file any petitions for *habeas corpus* while he lived.

The court notes that this court had originally decided the present action without a hearing, but vacated the decision and provided Farmer a plenary hearing on the insistence of Farmer's present court appointed attorney who has prosecuted this matter with commendable zeal as did his court appointed attorney in the state court.

Farmer has been given four opportunities in trial courts and two opportunities in the Supreme Court of Appeals to produce a constitutional deficiency in his conviction, and he has failed to do so.

The court is indebted to, and agrees with, Judge Dalton and Judge Sweeney, who have each written two opinions in this case.

An order is this day entered dismissing the petition.